<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HAMPTON FORGE, LTD., | : | |
| | : | |
| Plaintiff, | : | Civ. No. 03-4500 (GEB) |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| AGNES DESCAMPS and | : | |
| CHRISTIAN PERROD, | : | |
| | : | |
| Defendant. | : | |

**<u>BROWN, Chief Judge</u>**

This matter comes before the Court upon plaintiff Hampton Forge, Ltd.'s ("Plaintiff") application for an award of costs and attorney's fees pursuant to 17 U.S.C. § 505. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The Court, having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rules of Civil Procedure Rule 78, and for the reasons set forth below, will deny Plaintiff's application.

**I.     BACKGROUND**

The Court provided a detailed background to this case in its grant of Plaintiff's motion for default judgment against defendants Agnes Descamps and Christian Perrod (collectively "Defendants"). *Hampton Forge, Ltd. v. Descamps*, 2006 WL 469953, at *1-6 (D.N.J. February 23, 2006). Rather than repeat that description here, the Court will provide a brief summary of the relevant facts of this case and the developments following that decision.

Plaintiff is a company based in New Jersey and in the business of designing, manufacturing, and distributing flatware, cutlery, and dinnerware. *Id.* at *1. Defendant Agnes Descamps is a sculptor and designer, and Defendant Christian Perrod is her husband and business partner. *Id.* Defendants are both citizens and residents of France. *Id.* Throughout this case, Defendants have relied on a French and English interpreter and have litigated the case *pro se*. *Id.*

On September 22, 2003, Plaintiff filed a complaint against Defendants for breach of contract and related claims. *Id.* Plaintiff claimed that in or about February 2000, it hired Defendants to create flatware designs for Plaintiff, and that Defendants breached the parties' agreement by claiming those designs as their own. *Id.* On July 27, 2004, Defendants asserted counterclaims against Plaintiff, claiming that Plaintiff's use of the disputed designs constituted copyright infringement. (Defs.' Ans. ¶¶ 44-51.)

This case was originally scheduled for a trial date of July 19, 2005, and prior to that date, Defendants repeatedly stated to the Court that they would appear for the trial. *Hampton Forge*, 2006 WL 469953, at *3-4. Defendants failed to appear, however, and the Court adjourned the trial to July 20, 2005. *Id.* at 4. On July 20, Defendants again failed to appear for the trial and informed the Court of that fact by telephone. *Id.* The Court adjourned the trial for August 25, 2005. *Id.* at 5. On August 3, 2005, the Court conducted a telephone conference with the parties and learned that Defendants did not plan to appear for trial on August 25. *Id.* at 5-6.

On August 29, 2005, Plaintiff moved for entry of default judgment against Defendants. On February 23, 2006, the Court granted Plaintiff's motion. On March 31, 2006, Plaintiff filed the present application for costs and attorney's fees. The Court will now address Plaintiff's

application.

## II. DISCUSSION

### A. Standard for Awarding Costs and Attorney's Fees Pursuant to 17 U.S.C. § 505

Section 505 of the Copyright Act provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. The Supreme Court has held that Section 505 applies not only to parties that prevail in asserting claims of copyright infringement, but also to parties that prevail in defending against copyright infringement claims. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 521 (1994). In *Fogerty*, the Supreme Court observed that "[t]he primary objective of the Copyright Act is to encourage the production of original literary, artistic, and musical expression for the good of the public." *Id.* at 524. According to the Court:

> Because copyright law ultimately serves the purposes of enriching the general public through access to creative works, it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible. To that end, defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement.

*Id.* at 527.

The Third Circuit Court of Appeals has set forth several factors that a district court should consider in deciding whether to grant an application for costs and attorney's fees pursuant to Section 505. Those factors include: "frivolousness, motivation,

3

objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986).

### B. Plaintiff's Application

Plaintiff seeks to recover costs and attorney's fees pursuant to Section 505 based on Defendants' copyright infringement counterclaim. Plaintiff argues that, upon the Court's entry of default judgment against Defendants, it became the prevailing party with respect to Defendants' counterclaim and is therefore entitled to relief pursuant to Section 505.

In arguing that its application should be granted, Plaintiff focuses almost exclusively on Defendants' conduct during the course of this case. (*See* Pl. Br. 2-6.) The factors set forth in *Lieb*, however, primarily concern the merits of the underlying copyright infringement claim in question, not the non-prevailing party's litigation conduct. For the reasons explained below, Plaintiff has failed to demonstrate to the Court that it should be awarded costs and attorney's fees pursuant to Section 505.

#### 1. Frivolousness and Objective Unreasonableness

In discussing the factors set forth in *Lieb*, Plaintiff addresses the frivolousness and the objective unreasonableness of Defendants' copyright infringement claim in the same section. (*See* Pl. Br. 4.) Plaintiff argues that "it became clear in the course of this action that defendants filed and then pursued their counterclaim without intending to

appear [before] or seek judgment from this Court." (*Id.*)  According to Plaintiff, "[i]f defendants had a nonfrivolous, legitimate claim, they would have pursued it or attended the trial[,] [but] [t]hey did neither." (*Id.*)

There are, however, numerous possible reasons for why a party may fail to adequately pursue its claim that are independent of the merits of the claim in question. Here, likely reasons include the fact that Defendants live abroad and that they litigated this case without the assistance of counsel.  In entering default judgment against Defendants, the Court found that Defendants acted willfully and in bad faith in failing to inform the Court that they would not appear for the scheduled trial. *Hampton Forge*, 2006 WL 469953, at *8-9.  The Court did not, however, address whether Defendants' counterclaims were meritorious, nor did it make any findings as to why Defendants failed to appear for trial. *See id.*  Plaintiff has not explained in its brief why Defendants' counterclaim of copyright infringement is frivolous or objectively unreasonable, and the Court therefore cannot find that either description is appropriate.

        2.    **Defendants' Motivation**

Plaintiff claims that Defendants were motivated by bad faith throughout the course of this case.  It argues that Defendants "purposefully conducted their case in a manner calculated to delay a hearing on the merits and to increase Hampton Forge's costs."  (Pl. Br. 3.)  According to Plaintiff, "the defendants initially led the plaintiff through years of negotiations, then after the complaint was filed, engaged in discovery and pretrial motion practice although it became clear they never intended to appear

5

before this Court to protect their claimed copyrights." (*Id.* 3.) Plaintiff further notes that "the defendants did not [ ] gather evidence in support of their [counter]claims[,] . . . [and] never sought the models of the flatware in question . . . ." (*Id.*)

Based on Defendants' failure to prosecute their copyright infringement counterclaim, it appears that they asserted the counterclaim not to recover the relief that they sought, but rather to complicate the case for Plaintiff. The Court finds that this factor favors Plaintiff in this case.

### 3. Compensation and Deterrence

Plaintiff argues that it should be awarded costs and attorney's fees pursuant to Section 505 because "[Defendants] wasted the court's time and resources and induced the plaintiff to expend substantial funds to defend illegitimate counterclaims." (*Id.* 6.) According to Plaintiff, "[a]n award of attorney's fees will serve the public policy by deterring others from similar conduct." (*Id.*)

In support of its argument, Plaintiff cites to *Broadcast Music, Inc. v. R Bar of Manhattan, Inc.*, 919 F. Supp. 656 (S.D.N.Y. 1996) and *Jackson v. Sturkie*, 255 F. Supp. 2d 1096 (N.D. Cal. 2003). Although the court in both cases awarded fees pursuant to Section 505, those cases should be distinguished. In both cases, the court found that the award of fees would deter behavior that frustrates the purposes of the Copyright Act. Here, Plaintiff has made no such argument.

In *Broadcast Music*, the court found that, prior to the filing of the complaint in that case, "[the plaintiff's] representatives wrote to defendants on ten occasions and

spoke with persons associated with the establishment's operation over 20 times in an effort to tell defendants the requirements of the Copyright Act and to convince them to obtain a [ ] license." *Broadcast Music*, 919 F. Supp. at 660. Based on the record, the court found that "it is clear that the defendants have acted willfully and 'recklessly disregarded' their obligations under the Copyright Act." *Id.* (citations omitted). It found that "[c]onsiderations of deterrence support an award of attorney's fees to the prevailing parties here . . . ." *Id.* at 661.

In *Jackson*, the court found that "[p]laintiff's claims clearly cannot be characterized as frivolous, but were brought rather to vindicate the goals of the Copyright Act: the promotion of original musical works for the benefit of the public." *Jackson*, 255 F. Supp. 2d at 1104. Although the court also noted the defendant's failure to adequately prosecute his case, it did so in light of the interests that the Copyright Act seeks to protect. *See id.* at 1104-05 ("Moreover, an award of attorney fees and costs in this action serves the goal of deterring similar misconduct, particularly defendant's apparent practice of *evading obligations under copyright law* by simply failing to defend himself").

Here, Plaintiff argues that it should be awarded costs and attorney's fees in order to deter the type of bad-faith conduct that Defendants engaged in throughout this case. (Pl. Br. 5-6.) The Court has already entered default judgment against Defendants in part to deter that type of conduct. *Hampton Forge*, 2006 WL 469953, at *7-9. The conduct that Section 505 seeks to deter is of a different nature, namely, conduct that frustrates the purposes of the Copyright Act. Plaintiff has not argued that Defendants have engaged in

such conduct, and this factor therefore favors Defendants.

In arguing that it should be awarded costs and attorney's fees, Plaintiff has failed to discuss the merits of Defendants' counterclaim of copyright infringement. It has also failed to explain how awarding costs and attorney's fees in this case would promote the purposes of the Copyright Act. The Court therefore finds that awarding costs and attorney's fees pursuant to Section 505 would be inappropriate in this case.

### III.  CONCLUSION

For the above reasons, Plaintiff's application is denied. An appropriate form of order is filed herewith.

Dated:  August 11, 2006

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.